# SUPREME COURT

## The People of the State of New York agt. The Third Avenue Savings Bank.

*Facts and circumstances which authorize the removal of a receiver.*

An individual who was appointed secretary of an insolvent savings bank by its directors, and was used by them in a month thereafter to make and verify a false statement declaring its solvency, and who was named by them as its receiver in a suit which they caused to be instituted to wind up its affairs, is not a fit and proper person to execute such a trust; especially should he not be retained when every creditor, so far as known, asks for his removal.

Besides, his connection with the managers of the institution, being the secretary of their selection and the receiver of their choice, would naturally bring his duties as receiver into direct collision with his feelings of personal obligation to the managers whom he might be called upon to prosecute as receiver. To such a temptation, no officer which the court selects should be subjected.

*Ulster Special Term, November,* 1875.

Motion on the part of the defendants to remove William S. Carman from the office of receiver of the bank

*Mr. Fitch,* for sundry depositors making the motion.

*Algernon S. Sullivan,* for other depositors who unite in the application.

*James S. Stearns,* for still other depositors, who also ask the removal of the receiver.

*Peet & Hun,* for the receiver.

*Charles H. Fairchild,* deputy attorney-general, for people.

WESTBROOK, *J.* — Continual engagements in circuit, since the submission of this matter one week ago, have prevented its earlier examination and decision, and other and pressing duties at the present only allow a very brief statement of the reasons which induce me to grant the application to remove the receiver. From the complaint in the action which was verified by Daniel Bates, president of the defendant, it appears that the Third Avenue Savings Bank was, on the 29th day of September, 1875 (the day of the verification of such complaint), insolvent and had been for more than a year prior to such date. On the 23d day of January, 1875, the receiver, who was then the secretary of the corporation, signed and verified a report which purported to be a just and true statement of the condition thereof on the first day of that month, whereby it was shown that the bank was solvent, and that the assets of the institution were $6,960.65 in excess of its liabilities. On the 26th day of December, 1874, and about a month prior to the date of such report, the present receiver had been made the secretary of the defendant, at which time its situation must have been known to the directors who appointed him. The suit to dissolve the corporation and wind up its affairs was confessedly instituted at the request of its directors, and the appointment of the present receiver upon the application for judgment, no objection being made by any of the counsel who appeared in it originally, was evidently the suggestion of such officers. The present application, then, presents this question : Is an individual who, on the 26th day of December, 1874, was appointed secretary of the then known insolvent savings bank by its then directors, who was used by them in a month thereafter to make and verify a false statement declaring its solvency, and who was named by them as its receiver in a suit which they caused to be instituted to wind up its affairs, a fit and proper person to execute such trust ; especially should he be retained when every creditor, so far as known, asks for his removal? The statement of the case indicates the answer. If Mr. Carman

made a willfully false oath in January, 1875, representing the bank to be solvent, he surely is not a proper person to be intrusted with the delicate and important duties which he is called upon as receiver to discharge. If, after filling the office of secretary for only three days less than a month he could be so easily imposed upon as to make such false statements he certainly has not the requisite mental qualifications to grapple with the difficulties which must surround him in his new position. If he was so confiding as he says he was, by way of excuse, as to take the actuary's statement of the condition of the company as true, and swear positively upon mere information, without knowledge, such confidence may be imposed upon hereafter, as it certainly has been in the past, to the great injury of others. Apart, however, from the objections which present themselves to the continuance of Mr. Carman as receiver, by reason of his confessedly erroneous report and affidavit in January last, his connection with the managers of the institution renders him an improper person to discharge this trust. He was the secretary of their selection; the receiver of their choice. In his latter capacity he will be called upon to investigate the acts of his patrons, and the proper discharge of his duties may require him to sue those to whom he is under personal obligations. Duty and feeling should not collide in the person of the receiver. If they do, and the former is overcome, human nature will only repeat itself. To such a temptation no officer which the court selects should be subjected. These views have been expressed before by me in another case and they are regarded as sound now. Besides the investigation of his own conduct as secretary may be necessary. How many of the present depositors of the defendant, if any, have become such by reason of his false statement, in January, does not appear. It is but fair to conclude, however, that as there was no public disavowal by Mr. Carman of the want of truth in his affidavit until this suit, instituted in September last, to dissolve and distribute the effects of the corporation, startled the public, that con

siderable of the creditors became such during that period. Is it fair to such persons that Mr. Carman should sit in judgment upon his own conduct? To this, most obviously, only a negative answer can be given. For the reasons thus briefly stated, Mr. Carman must be removed, and a new receiver appointed. The attorneys for the moving parties will prepare the necessary order and submit the same to me for approval.